IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY PAUL LUJAN, | No. C 07-00387 CW (PR) |
| Petitioner. | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS |
| v. | |
| JAMES DAVIS, Chairman, Board of Parole Hearings, | (Docket no. 4) |
| Respondent.      / | |

Petitioner, a state prisoner, has filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging as a violation of his constitutional rights the denial of parole by the California Board of Parole Hearings (Board). In an Order dated May 23, 2007, the Court ordered Respondent to answer the petition or to file a dispositive motion. Respondent has filed a motion to dismiss the petition on the grounds that Petitioner has not exhausted his state remedies and has procedurally defaulted on his claims. Petitioner has filed an opposition to the motion, and Respondent has filed a reply to the opposition.

For the reasons discussed below, the Court GRANTS the motion to dismiss.

BACKGROUND

In 1990, Petitioner was convicted of second degree murder. He was sentenced to a term of fifteen years to life in state prison.

1  In January, 2006, the Board found that Petitioner was
2 unsuitable for parole.  Petitioner sought habeas relief from the
3 Orange County Superior Court, and his petition was denied on June
4 15, 2006.  (Pet. at 4.)  Petitioner filed a habeas corpus petition
5 in the California Court of Appeal.  The petition was denied on
6 August 10, 2006.  (Id. at 4-5.)
7  On September 5, 2006, Petitioner filed a petition for review
8 in the California Supreme Court.  In response, the California
9 Supreme Court's clerk sent Petitioner two letters dated September
10 5, 2006 and November 2, 2006.  (Resp't Exs. 1, 2.)  The first
11 letter stated that his petition was untimely under court rules, and
12 the second stated that he could not be relieved from default under
13 court rules because, given the length of time that had elapsed, the
14 court no longer had jurisdiction to consider a petition for review.
15 (Id.)  In both letters, the clerk also advised Petitioner that he
16 could file an original proceeding in the form of a "direct writ of
17 habeas corpus."  (Id.)  Both times the clerk enclosed copies of the
18 form approved by the judicial council for this purpose.  (Id.)
19  On January 19, 2007, Petitioner filed a federal habeas
20 petition in this Court instead of filing a state habeas petition in
21 the California Supreme Court as directed.

DISCUSSION

23  Respondent moves to dismiss the petition on the ground that it
24 is unexhausted because Petitioner did not fairly present his claims
25 for review to the California Supreme Court.  Petitioner maintains
26 that his claims were fairly presented, and, even if they were not,

2

they are exhausted because no further avenue of state court review remains available to him.

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court.  See 28 U.S.C. § 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982); Duckworth v. Serrano, 454 U.S. 1, 3 (1981); McNeeley v. Arave, 842 F.2d 230, 231 (9th Cir. 1988). The State's highest court must be given an opportunity to rule on the claims even if review is discretionary.  See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (petitioner must invoke "one complete round of the State's established appellate review process").

As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts in the manner required by the state courts, thereby affording the state courts a meaningful opportunity to consider allegations of legal error.  Casey v. Moore, 386 F.3d 896, 915-16 (9th Cir. 2004), cert. denied, 545 U.S. 1146 (2005). When a habeas petition is denied because of procedural defects that may be remedied in state court, the claims have not been "fairly presented" to the state court and are not exhausted.  See Harris v. Superior Court, 500 F.2d 1124, 1126 (9th Cir. 1974), cert. denied, 420 U.S. 973 (1975).  The action must be dismissed unless the federal court makes an independent determination that the claims

3

were "fairly presented" to the state court despite the procedural denial. See <u>Kim v. Villalobos</u>, 799 F.2d 1317, 1319-20 (9th Cir. 1986) (holding that petitioner's claims had been fairly presented to California Supreme Court despite rejection of petition for lack of specificity where petitioner had twice filed habeas petitions with California Supreme Court and could not articulate claims with any greater particularity than had already been done).

If a petitioner's available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. See <u>Rose</u>, 455 U.S. at 510; <u>Guizar v. Estelle</u>, 843 F.2d 371, 372 (9th Cir. 1988). A dismissal solely for failure to exhaust is not a bar to returning to federal court after exhausting available state remedies. See <u>Trimble v. City of Santa Rosa</u>, 49 F.3d 583, 586 (9th Cir. 1995).

Here, Petitioner did not fairly present his claims for review to the California Supreme Court. The letters from the California Supreme Court's clerk reflect that his petition for review was rejected as untimely. While Petitioner has presented his claims to the California Supreme Court in a petition for review, mere presentation does not constitute exhaustion. Despite the procedural denial of his petition for review, Petitioner did not fairly present his claims to the California Supreme Court because he still could have done so by way of a petition for a writ of habeas corpus as directed. Accordingly, Petitioner's claims are unexhausted. See <u>Kim</u>, 799 F.2d at 1319 (claims unexhausted where denial on procedural grounds can be cured in a renewed state petition).

The Court GRANTS Respondent's motion to dismiss the petition.

4

CONCLUSION

For the reasons stated above, Respondent's motion to dismiss (docket no. 4) is GRANTED.  The petition is DISMISSED for failure to exhaust state remedies.

This dismissal is without prejudice.  Petitioner may exhaust state remedies by promptly filing an original petition for a writ of habeas corpus in the California Supreme Court.  If that court denies his petition he may then promptly file a petition for a writ of habeas corpus in this Court.

The Clerk of the Court shall enter judgment in accordance with this Order, terminate all pending motions, and close the file.

This Order terminates Docket no. 4.

IT IS SO ORDERED.

DATED:  3/25/08

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY PAUL LUJAN, | Case Number: CV07-00387 CW |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| BEN CURRY et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 25, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Leroy Paul Lujan E-76840
Correctional Training Facility
East Dorm 8-Low
P.O. Box 689
Soledad, CA 93960

Scott Colin Mather
CA State Attorney General's Office
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004

Dated: March 25, 2008

Richard W. Wieking, Clerk
By: Sheilah Cahill, Deputy Clerk

P:\PRO-SE\CW\HC.07\Lujan0387.MTD-PAROLEexh.wpd    6